**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANDREW A. SAPP,**

    **Plaintiff,**

vs.                                   **Case No. 4:23-CV-00242-AW-MAF**

**STATE OF FLORIDA,
et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Andrew A. Sapp, a non-prisoner proceeding pro se, initiated this civil action with a legally insufficient complaint. ECF No. 1. Plaintiff did not sign the complaint. Id. Instead, a paralegal from the Veterans' Support Group of America, Inc. signed the complaint. Id., p. 11. Plaintiff filed a motion to proceed *in forma pauperis,* which was denied. ECF No. 2, 4. Plaintiff was required to pay the fee and amend his complaint by **July 13, 2023**. ECF No. 4. As of the drafting of this Report, Plaintiff has not complied with the Court's order. As explained below, this case should be dismissed.

**I.**     **Plaintiff Complaint, ECF No. 1.**

Plaintiff sued the State of Florida and the Highland County Jail, both in their individual capacities although they are not persons. ECF No. 1, pp. 1-2.

Plaintiff claims that from 1985 through 1990 he was arrested more than twelve times for no reason. Id., p. 5. Plaintiff was mandated to pay child support and lost numerous employment opportunities as a result. Plaintiff claims to be a disabled veteran. Id. Plaintiff seeks $150,000 in damages. Id. Plaintiff asks the Court to check all state and county records but provides no explanation nor does he indicate what criminal- or civil records are relevant or where they may be located. Id. Plaintiff did not sign the complaint; and no lawyer has signed on his behalf. Id., p. 11. The complaint is on the wrong form -- the 2021 version reserved for prisoner plaintiffs. The Court advised Plaintiff that a non-lawyer could not represent his interests and directed Plaintiff to amend on the proper form. ECF No. 4. To date, Plaintiff has ignored the Court's order.

## II. Plaintiff's Complaint Does Not Comport with the Local Rules or the Federal Rules of Civil Procedure.

The Local Rules of the United States District Court for the Northern District of Florida sets out the required form of each document filed in a case. See N.D. Fla. Loc. R. 5.1. Also, *pro se* parties "must include a signature block with the party's handwritten signature, typed or printed name, street address, email address if the party has one, and telephone number if the party has one." N.D. Fla. Loc. R. 5.1(E). See also Fed. R. Civ. P. 11 ("Every pleading, written motion, and other paper must be signed . . . by a party personally if

the party is unrepresented . . . must state the signer's address, email address, and telephone number.").

Plaintiff is seeking to pursue a civil rights action under 42 U.S.C. § 1983 and was required to use the proper form. N.D. Fla. Loc. R. 5.7(A). Most importantly, Plaintiff's complaint "must set out specific claims and supporting facts." N.D. Fla. Loc. R. 5.1(B). Plaintiff's complaint is largely vague and does not comport with the Rules.

### III.  Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "'Further, the allegations in the complaint 'must be simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

"A 'shotgun pleading' -- one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' --

does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give

the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

There is no way of knowing how these Defendants are responsible for a dozen arrests; and it is unlikely that either is responsible since they are not arresting officers. This is the quintessential shotgun pleading. Moreover, these events occurred before 1990; therefore, the statute of limitations has long expired to pursue any claims. The statute of limitations period for Section 1983 claims arising in Florida is four years. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Fla. Stat. § 95.11(3)(j).

### IV. Failure to Follow Court Orders

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing And Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are ignored, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. and

Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)).

The undersigned gave Plaintiff the opportunity to amend the complaint and pay the filing fee. ECF No. 4. Nevertheless, Plaintiff has not complied. Defiance of this Court's orders need not be tolerated. Id.

## V.   Conclusion and Recommendation

It is respectfully **RECOMMENDED** that the complaint, ECF No. 1, be **DISMISSED** with prejudice because the filing is an impermissible shotgun pleading and for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b). It is also **RECOMMENDED** the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida, on July 21, 2023.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).